**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

AALIYAH ABDULLAH-SHERMAN,

    Plaintiff,

    v.

REMINGTON ALEXANDRIA
EMPLOYERS, LLC,
CELESTE LOPEZ and
SHERRI COOPER,

    Defendants.

Civil Action No. 25-3704-TDC

**MEMORANDUM ORDER**

Self-represented Plaintiff Aaliyah Abdullah-Sherman, an employee at the Hilton Alexandria Old Town in Alexandria, Virginia ("Hilton Old Town"), filed this civil action in the Circuit Court for Prince George's County, Maryland against Defendants Remington Alexandria Employers, LLC ("Remington"), Celeste Lopez, and Sherri Cooper. The Complaint asserts a claim for breach of contract based on the cancellation of Abdullah-Sherman's reservation at an Embassy Suites by Hilton hotel in Arizona through the Go Hilton travel program available to Hilton employees. Abdullah-Sherman had been informed that the cancellation was the result of alleged improper conduct while she was a guest at the Hilton Garden Inn in Waldorf, Maryland pursuant to the Go Hilton program. Defendants removed the case to this Court and have filed a Motion to Dismiss. Although Abdullah-Sherman was notified of her right to file a response to the Motion and warned that if she failed to do so the Court may resolve the case based on the materials submitted by Defendants, Abdullah-Sherman did not file a memorandum in opposition to the

Motion. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## DISCUSSION

Defendants, which consist of the owner of the Hilton Old Town and two of its employees, seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Under Rule 12(b)(2), the plaintiff has the burden to establish personal jurisdiction. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). To carry that burden at the pleading stage, the plaintiff need only make a *prima facie* showing that the defendant is properly subject to the court's jurisdiction. *Id.* at 60. In evaluating the plaintiff's showing, a court must accept the plaintiff's allegations as true and must resolve any factual conflicts in the plaintiff's favor. *Id.* The court may consider affidavits and other submitted evidence in resolving a Rule 12(b)(2) motion. *See CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763–64 (D. Md. 2009).

For a district court to assert personal jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) "must be authorized under the state's long-arm statute"; and (2) "must comport with the due process requirements of the Fourteenth Amendment" to the United States Constitution. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In this instance, as discussed below, the Court finds that the Motion can be resolved based only on its consideration of the due process requirements, so it need not address whether jurisdiction is authorized under the Maryland long-arm statute.

As to due process, a court may exert personal jurisdiction over a nonresident defendant in keeping with due process if the defendant has "certain minimum contacts" with the forum state,

2

"such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Determining whether a defendant has such contacts is a fact-specific undertaking. *Kulko v. Superior Ct.*, 436 U.S. 84, 92 (1978). In assessing the presence of minimum contacts, courts distinguish between two types of personal jurisdiction: general and specific.

A court has general personal jurisdiction over out-of-state defendants whose "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The paradigm forums in which a corporate defendant is at home . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). For a natural person, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Abdullah-Sherman does not plausibly argue that the Court has general jurisdiction over Defendants because she has not alleged facts showing that Lopez or Cooper are domiciled in Maryland or that any of Remington's members is a citizen of Maryland; rather, Defendants state that Lopez and Cooper are domiciled in Virginia and that all of the members of Remington, a limited liability company, are citizens of either Delaware or Texas.

A court has specific personal jurisdiction when the defendant has "'purposefully established minimum contacts in the forum State' such 'that [it] should reasonably anticipate being haled into court there.'" *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In assessing whether

specific jurisdiction exists, a court must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)). A plaintiff must prevail on each prong. *Id.*

Here, Abdullah-Sherman has alleged no facts showing that Defendants have purposefully availed themselves of the privilege of conducting activities in Maryland. There are no allegations that Remington, the owner of the Hilton Old Town, or its employees Lopez and Cooper, ever sought to engage in any activity in Maryland. The only contacts by any Defendant that arguably related to Maryland consist of Lopez's apparent response, while she was working at the Hilton Old Town in Virginia, to a communication from the staff at the Hilton Garden Inn in Maryland about Abdullah-Sherman's behavior, and Lopez's subsequent text messages with Abdullah-Sherman about that communication, which may have occurred while Abdullah-Sherman was in Maryland. The allegations in the Complaint therefore demonstrate that Lopez did not purposefully seek to engage in business in Maryland, and that her text messages were not purposefully directed into Maryland. Without more, these contacts are insufficient to show that Lopez or any other Defendant "should reasonably anticipate being haled into court" in Maryland. *Id.* Where the first prong required for specific jurisdiction has not been established, the Court need not address the remaining prongs, concludes Abdullah-Sherman has not made the requisite showing of general or specific personal jurisdiction, and will grant the Motion based on the lack of personal jurisdiction.

In addition, the Court also finds that the Complaint is subject to dismissal for failure to state a claim under Rule 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the

complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

The Complaint alleges a breach of contract, for which a plaintiff must demonstrate "the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Northeast, LLC v. BAA Md., Inc.*, 994 A.2d 430, 442 (Md. 2010); *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). In asserting such a claim, a plaintiff "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation" and "a breach of that obligation." *RRC Northeast*, 994 A.2d at 440; *DeCohen v. Capital One, N.A.*, 703 F.3d 216, 227 (4th Cir. 2012) (quoting *RRC Northeast*). Here, the Complaint alleges no facts showing that any of Defendants had entered into a contract with Abdullah-Sherman, much less one relating to reservations made through the Go Hilton program. Abdullah-Sherman has also failed to provide any allegations about the particular contractual term that was breached. The Motion will therefore also be granted based on the Complaint's failure to

state a claim. The Court therefore need not address Defendants' remaining arguments for dismissal.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 17, is GRANTED.

2. The Complaint, ECF No. 2, is DISMISSED WITHOUT PREJUDICE.

3. The Clerk shall send a copy of this Order to Abdullah-Sherman and shall close this case.

Date: May 15, 2026

THEODORE D. CHUANG
United States District Judge